**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JDAQA LLC<br>145 Woodland Drive<br>Southampton, PA 18966<br><br>    Plaintiff,<br>v.<br><br>Qoins Technologies Inc.<br>151 Ted Turner Drive NW<br>Atlanta, GA 30303<br><br>and<br><br>Christian Zimmerman<br>151 Ted Turner Drive NW<br>Atlanta, GA 30303<br><br>and<br><br>Nate Washington, Jr.<br>151 Ted Turner Drive NW<br>Atlanta, GA 30303<br><br>    Defendants. | CIVIL ACTION NO. 2:23-cv-01806 |

**COMPLAINT**

AND NOW, comes Plaintiff JDAQA LLC, by and through its attorneys, Freundlich & Littman, LLC, to file the within Complaint against Defendants Qoins Technologies Inc., Christian Zimmerman and Nate Washington, Jr., and avers in support thereof the following.

**PARTIES, JURISDICTION & VENUE**

1. Plaintiff JDAQA LLC ("JDA") is a Pennsylvania limited liability company with a principal place of business at 145 Woodland Drive, Southampton, PA 18966.

1

2. Defendant Qoins Technologies Inc. ("Qoins") is a Delaware corporation with a principal place of business at 151 Ted Turner Drive NW, Atlanta, GA 30303.

3. Defendants Zimmerman and Washington (the "individual Defendants") are, upon information and belief, the owners and co-founders of Defendant Qoins, and have a principal place of business at 151 Ted Turner Drive NW, Atlanta, GA 30303.

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.

5. Plaintiff is a citizen and resident of Pennsylvania.

6. Defendant Qoins is a Delaware corporation with a principal place of business in Georgia.

7. The individual Defendants, upon information and belief, are citizens of Georgia.

8. This Court has personal jurisdiction over Defendants, due to their transaction of business and entering into a contract in the Commonwealth, and due to causing harm to a company in Pennsylvania.

9. Venue is proper in this District because this is where Plaintiff is located and where the contract was entered into.

## FACTUAL BACKGROUND

10. Plaintiff provides software and application testing services to its customers.

11. Defendant Qoins is a financial services company that purports to help people pay down debt.

12. The individual Defendants are owners, officers and managers of Qoins.

13. The parties met and formed a business relationship in late November 2021.

14. The parties had calls on November 21 and 22, 2021 in which they discussed the details of and agreed to the contractual relationship.

15. Plaintiff and Defendants discussed and agreed on the scope of work and the testing that Defendants required.

16. The parties agreed that Plaintiff would provide testing of Defendant Qoins' iOS and Android mobile applications and website.

17. Plaintiff informed Defendants that the rate for its services was $60 an hour for each staff member, and Defendants agreed to this rate.

18. Plaintiff began working on Defendants' project on November 24, 2021 and continued work through September 2022.

19. The parties were in constant communication about the project via the Slack platform.

20. Through the Slack channel, the parties communicated about various elements of the app and software testing and their results.

21. Between November 2021 and September 2022, Defendants continued to request testing and services from Plaintiff.

22. JDA and its staff kept detailed time records of the work they performed for Defendants. A true and correct copy of these time records for the periods at issue is attached as Exhibit 1.

23. JDA sent invoices to Defendants on the following dates and for the following amounts. True and correct copies of the invoices are attached as Exhibit 2.

| Inv. Date | Inv. No. | Amount | Date of Work |
|---|---|---|---|
| 2/18/2022 | JD1180 | $ 25,686.08 | 11/24/21-1/31/22 |
| 3/1/2022 | JD1194 | $ 19,095.47 | 2/1/22-2/28/22 |
| 4/1/2022 | JD1208 | $ 18,892.99 | 3/1/22-3/31/22 |

| | | | | |
|---|---|---|---|---|
| 5/1/2022 | JD 1220 | $ | 21,597.95 | 4/1/22-4/30/22 |
| 6/1/2022 | JD1232 | $ | 22,714.61 | 5/1/22-5/31/22 |
| 7/3/2022 | JD 1244 | $ | 19,551.00 | 6/1/22-6/30/22 |
| 8/1/2022 | JD1260 | $ | 13,694.00 | 7/1/22-7/31/22 |
| 9/6/2022 | JD1281 | $ | 17,040.00 | 8/1/22-8/31/22 |
| 10/4/2022 | JD1294 | $ | 6,720.00 | 9/1/22-9/30/22 |
| | | $ | 164,992.10 | |

24. Defendants made payments in varying amounts toward the invoices between March and May 2022.

25. Defendants paid a total of $65,627.02 to Plaintiff, which were applied against the invoices from Feb. 18, March 1 and April 1, 2022, and a portion of the May 1, 2022 invoice.

26. However, Defendants have not paid invoices for work performed in April through September 2022.

27. Until recently, Defendants' last payment was nearly a year ago, on May 19, 2022.

28. Although it stopped paying invoices in May 2022, Defendants continue to request testing and other services from Plaintiff.

29. Defendants continued to ask Plaintiff to perform work, and provided assurances that the invoices would be paid.

30. However, Defendants did not pay the outstanding invoices.

31. The outstanding amount owed to Plaintiff for services Defendants requested that Plaintiff perform, and which Plaintiff did perform, is $99,365.08.

32. Defendants have admitted that they owe this amount to Plaintiff.

33. For example, on September 8, 2022, Qoins' CEO and Co-founder Christian Zimmerman said in an email to Plaintiff's CEO Jay Aigner that he "was hoping to make a payment this week as we are expecting a large capital influx to come in" and "[a]s soon as those funds hit I was planning on making a payment."

34. Further, on September 23, 2022, Christian Zimmerman told Jay Aigner he had "been looking to find ways" to get Plaintiff paid, and that some money would be "coming in in the next 3-5 weeks which would help in getting a chunk of the outstanding invoice paid back."

35. The parties had a meeting on March 3, 2023 to discuss the outstanding payments.

36. On March 14, 2023, Defendants sent Plaintiff $250.00.

37. On April 19, 2023, Defendants sent Plaintiff $1,000.00.

38. Mr. Zimmerman and Mr. Aigner had a call on April 18 in which Mr. Zimmerman admitted that he would be personally liable for the amounts owed.

39. Upon information and belief, Defendant Qoins now intends to stop operations.

40. Upon information and belief, Qoins has multiple unpaid creditors.

41. Defendants are hoping to sell Qoins to investors and to use some of that money to pay back Plaintiff and other creditors.

42. Upon information and belief, Defendant Qoins was managed by the individual Defendants, who own and control Qoins.

43. The individual Defendants undercapitalized Qoins, which has insufficient funds to cover company obligations and liabilities.

44. Defendants continued to request that Plaintiff provide services, while knowing that Defendants did not have the ability to pay for charges incurred.

45. The individual Defendants operated Qoins as if there was no real separation between the company and its owners.

46. The individual Defendants wrongfully and recklessly caused Qoins to incur obligations that the company had no ability to pay.

47. Plaintiff expended tremendous time and resources providing services to Defendants for which Plaintiff has not been paid.

48. Plaintiff is suffering an unjust cost due to the Defendants' actions.

49. At all times, Plaintiff abided by its obligations under the parties' agreement.

50. All conditions precedent to this lawsuit have been performed or have occurred.

**COUNT I: BREACH OF CONTRACT**
**PLAINTIFF VERSUS DEFENDANTS**

51. Plaintiff hereby incorporates the preceding paragraphs by reference as though set forth at length herein.

52. Plaintiff and Defendants had a legally enforceable contract whereby Plaintiff agreed to provide software testing services in exchange for Defendants' payment of Plaintiff's hourly fees.

53. The parties agreed that Plaintiff would be paid $60 per hour for services each of its technical personnel performed for Defendants.

54. Defendants requested that Plaintiff perform certain testing and other tasks for Defendants.

55. Plaintiff performed services for Defendants to a satisfactory degree, and Defendants have accepted the work.

56. Plaintiff sent invoices to Defendants for services provided from November 2021 to September 2022.

57. Defendants has refused to pay Plaintiff for services rendered between April and September 2022.

58. Plaintiff has suffered damages as a result of Defendants' breach.

59. Through their ownership and control, the individual Defendants caused Qoins to incur obligations that the company had no reasonable ability to pay.

60. Through the individual Defendants' personal assurances, Plaintiff was induced to continue to perform on the contract.

61. The individual Defendants also caused Qoins to be undercapitalized.

62. The individual Defendants recklessly managed Qoins, forcing Plaintiff to suffer undue costs and damages.

WHEREFORE, Plaintiff demands judgment against Defendants in the amount of $99,365.08, together with costs and fees, and such other relief this Court deems appropriate.

### COUNT II: BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING
### PLAINTIFF VERSUS DEFENDANTS

63. Plaintiff hereby incorporates the preceding paragraphs by reference as though set forth at length herein.

64. The agreement between Plaintiff and Defendants required Defendants to exercise, at all times, the utmost in good faith and to deal fairly at all times with Plaintiff in carrying out its duties under the contract, due to the covenant of good faith and fair dealing implied in every Pennsylvania contract.

65. By its conduct, as described above, Defendants have eliminated more than half of the benefit of the agreement for Plaintiff and has breached the implied covenant of good faith and fair dealing, causing Plaintiff substantial damage.

66. The individual Defendants recklessly operated Qoins to be undercapitalized and to incur obligations the company did not reasonably have the ability to pay.

67. The individual Defendants made multiple personal assurances to Plaintiff.

7

68. Plaintiff has suffered an undue cost of $99,365.08 due to Defendants' breaches of the duty of good faith and fair dealing.

WHEREFORE, Plaintiff demands judgment against Defendants in the amount of $99,365.08, together with costs, and such other relief this Court deems appropriate.

## COUNT III: FRAUDULENT CONVERSION
## PLAINTIFF VERSUS DEFENDANTS

69. Plaintiff hereby incorporates the preceding paragraphs by reference as though set forth at length herein.

70. Plaintiff provided software testing services to Defendants in full compliance with the terms of the parties' agreement.

71. Defendants continually requested that Plaintiff perform services for Defendants, although they knew at the time that the company did not have the ability to pay for those services.

72. Defendants gave Plaintiff personal assurances that the invoices would be paid.

73. Defendants misrepresented their ability and willingness to pay for the services, fraudulently inducing Plaintiff to perform.

74. Plaintiff relied on Defendants' representations in continuing to perform services.

75. To date Defendants have failed to pay Plaintiff.

76. Through their conduct in misrepresenting their ability to pay, and in accepting and benefitting from services provided by Plaintiff but failing to pay, Defendants have fraudulently converted the services of Plaintiff.

77. Defendants' conduct in continuing to use Plaintiff's services while not having the ability to pay is intentional and exhibits reckless indifference to the rights of Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants in the amount of $99,365.08, together with costs, and such other relief this Court deems appropriate.

## COUNT IV: UNJUST ENRICHMENT
### PLAINTIFF VERSUS DEFENDANTS

78. Plaintiff hereby incorporates the preceding paragraphs by reference as though set forth at length herein.

79. Plaintiff performed services for Defendants for which Plaintiff was not paid.

80. Defendants have been unjustly enriched as they have benefitted from the software testing at the expense of the Plaintiff, who has not enjoyed the benefits it contracted for.

81. It would be unjust to allow Defendants to retain the services of Plaintiff without compensating Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $99,365.08, together with costs, and such other relief this Court deems appropriate.

## COUNT V: PIERCING THE CORPORATE VEIL
### PLAINTIFF VERSUS INDIVIDUAL DEFENDANTS

82. Plaintiff hereby incorporates the preceding paragraphs by reference as though set forth at length herein.

83. The individual Defendants owned and controlled Qoins throughout the time periods at issue herein.

84. The individual Defendants recklessly managed and operated Qoins to their own benefit, and to the detriment of service providers like Plaintiff.

85. Upon information and belief, Qoins has multiple unpaid creditors.

86. The individual Defendants undercapitalized Qoins, which has insufficient funds to cover company obligations and liabilities.

87. The individual Defendants operated Qoins as if there was no real separation between the company and its owners.

88. The individual Defendants wrongfully and recklessly caused Qoins to incur obligations that the company had no ability to pay.

89. Plaintiff is suffering an unjust cost due to the Defendants' actions.

90. Plaintiff seeks to pierce the corporate veil to hold the individual Defendants personally liable for Count I-IV above.

WHEREFORE, Plaintiff demands judgment against the individual Defendants in the amount of $99,365.08, together with costs, and such other relief this Court deems appropriate.

Dated: May 11, 2023

Respectfully Submitted,

Freundlich & Littman, LLC

By: /s/ Kerry E. Slade
Gregory C. Littman, Esquire
Gregory@fandllaw.com
Kerry E. Slade, Esquire
Kerry@fandllaw.com

1425 Walnut Street
Suite 200
Philadelphia, PA 19102
215-545-8500
215-545-8510